| | | |
|---|---|---|
| DECARLO A GARNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-CV-223-TAV-DCP |
| | ) | |
| TVA KINGSTON FOSSIL PLANT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 1] and his Complaint [Doc. 2]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 1**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Complaint.

**I.      DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness

is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and several liabilities and expenses. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.    RECOMMENDATIONS AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

---

[1]    Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff states that on May 1, 2026, he was let go from the TVA Kingston project, because a "security [guard] lied and stated [Plaintiff] did something to him" [Doc. 2 p. 2]. Plaintiff contends that TVA Security has not provided any proof of this to him or his employer [*Id.*]. He represents that he will be suing for "discrimination and defamation of character against [D]efendants" [Id.].

Based on the above, Plaintiff requests that a lawsuit be filed against Defendants "for defamation of character" and that "all [D]efendants are held accountable for discrimination and action against [P]laintiff" [*Id.* at 3]. In addition, he seeks a $5 million dollar settlement from Defendants [*Id.*].

**B.      Screening of the Complaint**

On May 19, 2026, the Court entered an order noting several issues with the Complaint [Doc. 8]. The Court first noted that while "Plaintiff states that this Court has diversity jurisdiction and subject matter jurisdiction," that "Plaintiff has not alleged facts to show that diversity of citizenship exists in this case" [*Id.* at 3 (citing Doc. 2 p. 1]. As for federal question jurisdiction, the Court acknowledged that Plaintiff claims discrimination and defamation of character [*Id.*]. Beginning with discrimination, the Court found that "Plaintiff does not explain what type of discrimination he faced nor does he cite to any legal authority" [*Id.*]. The Court acknowledged that "[a]t the pleading stage, a plaintiff is not required to plead a prima facie case of discrimination" [*id.* (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002))], but found that "Plaintiff has failed to satisfy Rule 8's pleading standard, as he does not explain what type of discrimination he faces, or what statute or legal authority entitles him to relief" [*id.* at 4]. As for Plaintiff's defamation of character claim, the Court noted that Plaintiff "fails to include any supporting facts" and moreover, "[t]o maintain a defamation claim in federal court, a plaintiff must allege facts establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), or invoke supplemental jurisdiction under 28 U.S.C. § 1367. As previously noted, Plaintiff has not alleged sufficient facts to establish diversity jurisdiction, and supplemental jurisdiction is tethered to whether any federal question jurisdiction exists" [*Id.*].

Instead of recommending dismissal, the Court allowed Plaintiff leave to file an amended Complaint by June 18, 2026 [*Id*. at 5]. Plaintiff did not file an amended Complaint. The undersigned therefore recommends dismissal of this case for the reasons explained above and in the Court's Order [Doc. 8].

## C.    Amendment

The Court has already allowed Plaintiff to file an amended Complaint to address the deficiencies. He chose not to file one, and the undersigned does not discern any reason to allow further opportunity to do so.

Further, the undersigned notes that Plaintiff has filed nine complaints in this Court since September 12, 2025, four of which have been dismissed [*see Garner v. Spitzer*, No. 3:25-cv-443, [Doc. 15] (E.D. Tenn. May 5, 2026) (dismissing complaint *sua sponte* after failure to file amended complaint); *Garner v. SL Tennessee, LLC*, No. 3:25-cv-451, 2026 WL 1967061 (E.D. Tenn. July 7, 2026) (dismissing complaint *sua sponte* at the initial screening process); *Garner v. Magna Int'l*, No. 3:26-cv-224 [Doc. 10] (E.D. Tenn. July 13, 2026) (dismissing complaint *sua sponte* after failure to file amended complaint); and *Garner v. Fed. Gov't*, No. 3:25-cv-508 [Doc. 9] (E.D. Tenn. Aug. 10, 2026) (dismissing complaint *sua sponte* after failure to file amended complaint)].[2] Plaintiff's other complaints remain pending before this Court.

## III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 1**]. But no process shall issue until the District

---

[2]    The Court notes that in *Garner v. Federal Government*, No. 3:25-cv-508 [Doc. 9] (E.D. Tenn. Aug. 10, 2026), the Court warned Plaintiff that filing additional cases that fail to survive a § 1915 screening or that result in dismissal under Rule 41(b) for failure to prosecute may result in the imposition of an injunction that restricts him from filing any document in this Court without first seeking and receiving Court approval.

Judge has ruled upon this Report and Recommendation[3] because the undersigned

**RECOMMENDS**[4] that the Complaint [Doc. 2] be **DISMISSED** in its entirety.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).